No. 2033
Second Circuit Appeal

LUCKETT & HUNTER v. TEXAS AND PACIFIC RAILWAY COMPANY

(October 21, 1925, Opinion and Decree on Rehearing.)

(Original Decree may be found in 1 La. App. 434.)

(March 1, 1926, Decision Supreme Court judgment first rendered by Court of Appeal, which affirms judgment District Court, reinstated.)

(ON REHEARING)
(*Syllabus by the Editor*)

1. Louisiana Digest—Railroads—Par. 41.

The director general of railroads cannot be held liable for acts or omissions of those of other railroad systems than that of whose agents the negligent act is alleged or proved. He can only be held liable for such negligence as might have been adjudged against such railroad before federal control.

Appeal from Thirteenth Judicial District Court of Louisiana, Parish of Rapides. Hon. J. A. Williams, Judge.

Provosty & West, of Alexandria, attorneys for plaintiffs, appellees.

Peterman, Dear & Peterman, of Alexandria, attorneys for defendant, appellant.

ODOM, J. In our opinion in this case written on application for rehearing, we went into the facts fully and found that the mule was not injured through any fault or negligence on the part of the servants or agents of the Texas and Pacific Railway Company but through the fault and negligence of the employees of the New Orleans and Northeastern Railroad Company, whose connection with the shipment was fully stated in that opinion; but we held that the suit was in reality against the director general of railroads, who was, at the time this cause of action arose, in charge of and operating both the New Orleans and Northeastern and the Texas and Pacific Railroads; and we said. "We think, though, that the director general was negligent in loading the mule on a car which was defective."

Therefore, in effect, at least, we held that, although the employees of the Texas and Pacific Railway were guilty of no negligence in the handling of the mule and were in no way connected with the injury to it, yet the director general is liable inasmuch as he is the "same entity" that is operating the New Orleans and Northeastern railroad and that the plaintiffs "need look only to the director general as the party to respond for damage caused by negligence on the part of any of the railroads which he was operating under the federal control statute".

Since that opinion was written, however, our attention has been called to a decision of the Supreme Court of the United States holding directly to the contrary.

We refer to the case of Davis, Director General of Railroads, vs. Donovan, et al., 265 U. S. 257, the syllabus of which is as follows:

"Under Federal Control Act, Sec. 10 (Comp. St. Ann. Supp. 1919, Sec. 3115¾ j), Director General of Railroads, when sued for negligence of his servants operating particular railroad, could not be held liable for acts and omissions of those of another railroad system, since, as Director General of certain railroads, no liability could be adjudged against him, except such as might have been adjudged against such railroad before federal control."

Under the law as laid down in that decision, and under the facts as found by us, the defendant, the Texas and Pacific Railway Company, is not liable.

It is therefore ordered, adjudged and decreed that the judgment appealed from be reversed and avoided, and that plaintiffs' demand be rejected and their suit dismissed at their costs.